UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reynaldo Rosario, #22362-050, | ) C/A No.  2:12-3048-JFA-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )       REPORT AND |
| | )       RECOMMENDATION |
| Steve Mora, Warden; | ) |
| William Bechtold, Acting Warden, | ) |
| | ) |
| Respondents. | ) |
| ——————————————————————— | ) |

The petitioner, Reynaldo Rosario ("Petitioner"), proceeding *pro se*, brings this action

seeking habeas relief.[1]  Petitioner is an inmate at the Federal Correctional Institution at

Estill, South Carolina.  In 1993, Petitioner pleaded guilty in the District of New Jersey to

possession with intent to distribute five kilograms of cocaine.  He claims that the judge

improperly refused to allow him to withdraw his plea.

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* petition filed in this case.  The review was conducted pursuant to the

procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254

and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of

the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*,

490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden,*

*Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995), and *Todd v. Baskerville*, 712

F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

This Court is required to liberally construe *pro se* petitions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such petitions are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* petition to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

## PROCEDURAL HISTORY

Petitioner is no stranger to the filing of petitions. A review of his federal cases[2] reveals the following:

•1993: Petitioner pleaded guilty to possession with intent to distribute 5kg of cocaine. *United States v. Rosario*, Crim. No. 93-0197(AMW) (D. N.J. April 21, 1993). He then effected an escape from prison.

•1999: After his return to prison, Petitioner received a sentence of 327 months imprisonment. *See United States v. Rosario*, Crim. No. 93-0197(AMW) (D.N.J. June 28, 1999).

---

[2] A federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

•2000:  The Third Circuit Court of Appeals affirmed the judgment of conviction. *United States v. Rosario*, 211 F.3d 1262 (3d Cir. 2000) (Table).

•2001:  The sentencing court denied Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  *Rosario v. United States*, Civil Action No. 00-4239(AMW) (D.N.J. Mar. 7, 2001).

•2002: The Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.  *Rosario v. United States*, C.A. No. 01-1836 (3d Cir. April 25, 2002).  The United States Supreme Court denied his petition for a writ of certiorari.  *Rosario v. United States*, 537 U.S. 1078 (2002) (Mem.).

•2006:  The sentencing court denied Petitioner's motion to reopen his § 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b), as an unauthorized second or successive § 2255 motion not certified by the Third Circuit.  *See Rosario v. Groneousky*, C/A No. 07-5173(JBS), 2008 WL 906337 (D.N.J. Apr. 1, 2008)).

•2007:  The Third Circuit denied Petitioner's application to file a second or successive § 2255 motion.  *In re Rosario*, No. 06-4326 (3d Cir. Jan. 3, 2007).

•2008:  The sentencing court dismissed Petitioner's 28 U.S.C. § 2241 petition for lack of jurisdiction or, in the alternative, denied it as meritless.  *Rosario v. Groneousky*, C/A No. 07-5173(JBS), 2008 WL 906337, *4 (D.N.J. Apr. 1, 2008).  The sentencing court also denied Petitioner's second § 2241 petition for lack of jurisdiction.  *Rosario v. United States*, C/A No. 07-5345(JBS), 2008 WL 4276919, *2 (D.N.J. Sept. 10, 2008).

•2009: The sentencing court denied Petitioner's petition for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651.  *Rosario v. United States*, C/A No. 08-5170(JBS), 2009 WL 1140435, *3 (D.N.J. Apr. 27, 2009).  The Third Circuit also

denied the petition for a writ of *audita querela*, as a second or successive motion under the AEDPA, and Petitioner's request for a certificate of appealability. *Rosario v. United States*, 342 F. App'x 728, 729 (3d Cir. 2009).

## DISCUSSION

After a three-year break, and almost twenty years after he first pleaded guilty, Petitioner again petitions a court, this time pursuant to 18 U.S.C. § 3742. Section 3742(a)(4) provides that a defendant may appeal an unreasonable criminal sentence to the court of appeals by first filing a notice of appeal in the district court. To appeal under § 3742(a), Petitioner needed to file an appeal within ten days of sentencing, *United States v. Pease*, 331 F.3d 809, 816 n.18 (11th Cir. 2003); Fed. R. App. P. 4(b)(1); thirteen years after sentencing is much too late.

Moreover, § 3742 governs *direct* criminal appeals and is unavailable to Petitioner, whose conviction the Third Circuit affirmed on direct appeal. Petitioner has already pursued appeals from his conviction and sentence, and the statute does not authorize more than one appeal. Further, § 3742 does not authorize the *district* court to act on a defendant's motion or other request for the district court to review a defendant's sentence. Thus, this section does not grant jurisdiction to a district court to review a final sentence, *see United States v. Auman*, 8 F.3d 1268 (8th Cir. 1993), and this Court is without jurisdiction to entertain Petitioner's motion filed pursuant to 18 U.S.C. § 3742.

Petitioner's claims regarding the validity of his conviction is cognizable only under 28 U.S.C. § 2255, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is or was inadequate or ineffective. The Court can only assume that Petitioner attempted the instant filing under 18 U.S.C. § 3742 because he has been unable

to gain from the Third Circuit authorization for a successive § 2255 motion.  Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims. This attempted bypass of the statutes' gate-keeping mechanisms should not be allowed.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).  In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy.  In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners; it remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention.  *See In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir. 1997).

Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged, as in Petitioner's case. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).  According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).  In contrast to § 2255, a petition for habeas corpus under § 2241 is used to challenge federal confinement that is not pursuant to a sentence of a federal court; the unlawful execution of a valid sentence; or confinement beyond the term of a valid sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129–30 (7th Cir. 1991).

5

Petitioner's allegations about his conviction being "void on its face, a nullity, of no legal effect" go to its underlying validity rather than to the manner of execution of the sentence.  Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where § 2255 is neither an adequate nor effective remedy.  *See Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug.08, 2000); *In re Vial*, 115 F.3d 1192 (4th Cir. 1997).  The Petition contains no argument that the § 2255 remedy is (or has been) inadequate or ineffective with regard to his conviction, nor does he argue that his conviction has become invalid as a result of new constitutional law or new evidence discovered since the time of conviction.  *See In re Jones*, 226 F.3d 328 (4th Cir. 2000).

This Court is well aware that the filing by Petitioner of yet another § 2255 petition in the District of New Jersey might be found untimely or successive.  Yet it is settled in this circuit that such a possibility does not render the § 2255 remedy inadequate or ineffective, *see In Re Vial*, 115 F.3d at 1194 n.5, and does not establish that Petitioner's claims should be considered by this Court under the § 2255 savings clause.  This Court cannot overrule the District of New Jersey or the Third Circuit, and Petitioner's failure to pursue available and appropriate statutory procedures to have his arguments considered in the proper forum indicates that his current Petition was filed in an attempt to circumvent the requirements of the AEDPA.[3]

---

[3]  The AEDPA made many changes to prior practice in federal habeas corpus actions and created the current statutory rules regarding the timing, filing and consideration of habeas corpus cases, including cases filed under 28 U.S.C. §§ 2255, 2241 or 2254.

Petitioner, however, is not only jurisdictionally barred from raising this claim, it also fails on its merits.  Petitioner alleges that the judge at his plea hearing violated Federal Rule of Criminal Procedure 11, which allows a criminal defendant to withdraw his guilty plea "and proceed to trial if the court has not yet accepted the plea."  (ECF No. 1, at 1.)

Rule 11(d)(1) reads, "A defendant may withdraw a plea of guilty or nolo contendere: (1) before the court accepts the plea, for any reason or no reason . . . ."  *Id.*  But the Supreme Court amended the Federal Rules of Criminal Procedure on April 29, 2002, so that Rule 11(d) now contains the substantive provisions applicable to the withdrawal of guilty pleas which Rule 32(e) previously contained.  The Supreme Court provided that the amendment "shall take effect on December 1, 2002, and shall govern in all proceedings in criminal cases thereafter commenced and . . . all proceedings then pending."  United States Supreme Court Order of April 29, 2002.

Accordingly, Federal Rule of Criminal Procedure 32(e), and *not* Rule 11(d)(1), applied to Petitioner's plea tender.   At that time, the Rules stated:

> If a motion to withdraw a plea of guilty . . . is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason.   At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

Fed. R. Crim. P. 32(e).  Further, "the decision to permit the withdrawal of a guilty plea is committed to the sound discretion of the district court."  *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996); *see also United States v. Spears*, 235 F.3d 1150, 1152 (8th Cir. 2001) (" Rule 32(e) is not a mandate [but, rather] a grant of discretion, and we reverse only where that discretion is abused."); *United States v. Guthrie*, 64 F.3d 1510, 1513 (10th Cir. 1995) ("Under Rule 32(e), the defendant has the burden of establishing a 'fair and just'

7

reason for allowing withdrawal of the plea, and '[i]t is within the sound discretion of the [district] court to determine what circumstances justify granting such a motion.'") (interior citations omitted).  Since Plaintiff entered his plea, he has filed both direct appeals and motions under 28 U.S.C. § 2255, albeit unsuccessfully.  The cases to which he cites to support his claim are inapposite, as they all involve proceedings that were pending at or commenced after the amendment effective date.

### RECOMMENDATION

Accordingly, it is recommended that the Petition in this case be dismissed without prejudice and without issuance and service of process upon Respondents.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

s/Bruce Howe Hendricks
United States Magistrate Judge

December 27, 2012
Charleston, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).