UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reynaldo Rosario, | ) | C/A No. 2:12-3048-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Steve Mora, Warden; William Bechtold, Acting Warden, | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The *pro se* petitioner, Reynaldo Rosario, is an inmate Federal Correctional Institution in Estill South Carolina. He purportedly brings this action pursuant to 18 U.S.C. § 3742 which allows direct appeals of sentences. The petitioner pled guilty in the federal District of New Jersey to possession with intent to distribute five kilograms of cocaine. He claims that the judge in New Jersey improperly refused to allow him to withdraw his plea.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she suggests that the petition in this case should be dismissed without prejudice and without issuance and service of process. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

a full recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation. The petitioner filed timely objections which the court will address herein.

After pleading guilty in New Jersey, the defendant escaped from prison. He was thereafter captured and sentenced to 327 months imprisonment. He then filed a variety of challenges to his guilty plea and conviction in the District of New Jersey. These are all set out in detail in the Magistrate Judge's Report and Recommendation and no good purpose would be served by repeating them here.

The defendant is now incarcerated in this District at the FCI Estill. Twenty years after he first pleaded guilty, and three years since his last filing in the District of New Jersey, the defendant initiated this action pursuant to 18 U.S.C. § 3742. The Magistrate Judge points out that this code section provides that a defendant may appeal an unreasonable criminal sentence to the Court of Appeals by first filing a notice of appeal in the District Court. Petitioner has already had his one chance at direct appeal, and that effort was unsuccessful.

The Magistrate Judge then opines that if this action were to be construed as one under 28 U.S.C. § 2255 or § 2241, the action is nevertheless subject to summary dismissal on these claims as well. As noted by the Magistrate Judge, petitioner has already filed a § 2255 petition which was dismissed and the dismissal was affirmed by the Court of Appeals. To the extent this action is brought under § 2241, the Magistrate Judge points out that relief under this section is appropriate where a prisoner challenges the execution of his sentence, but it is not generally available where the underlying validity of the conviction and the

2

sentence is being challenged, as is the case here. Moreover, the petition contains no argument that the § 2255 remedy is (or has been) inadequate or ineffective with regard to his conviction. Nor does the petitioner argue that his conviction has become invalid as a result of new constitutional law or new evidence discovered since the time of conviction.

Finally, the Magistrate Judge suggests that even if the court were to reach the merits of the claim, dismissal is still appropriate. The Magistrate Judge carefully sets for the relevant rules of criminal procedure in place at the time the petitioner's guilty plea and concludes that the decision to permit the withdrawal of the guilty plea is committed to the sound discretion of the district court. Petitioner has been unable to show that the court abused its discretion in this regard.

Petitioner devotes much of his objection memorandum to pointing out that Rule 60(b) of the Federal Rules of Civil Procedure is, in his opinion, often misused by judges when the recharacterize such a motion as an action brought under § 2255. Petitioner claims that in doing so, district courts act as "a second prosecutor, practicing law from the bench, in violation of 28 U.S.C. §§ 454 and 455."

To the contrary, in recharacterizing repetitive and superfluous Rule 60(b) motions, district courts are merely applying the law as announced by the appellate courts of this country. In any event, this action is not styled as a motion under Rule 60(b). The remainder of the objection memorandum consists of a general discussion on the law in regard to post-conviction litigation. The court has carefully studied all of the arguments advanced by the petitioner and finds that none of them have merit.

For the foregoing reasons, all objections to the Report and Recommendation are overruled; the Report and Recommendation is incorporated herein by reference, and this action is dismissed, without prejudice and without issuance and service of process.

Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied.  28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

August 16, 2013                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                                  United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).